Filed 11/17/23  P. v. Villa CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　v.<br><br>USBALDO VILLA,<br><br>　　　Defendant and Appellant. | B328602<br><br>(Los Angeles County<br>Super. Ct. No. LA093726) |

THE COURT:

Usbaldo Villa (defendant) appeals his conviction for arson following a bench trial.  Appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  We affirm.

In the early morning hours of October 15, 2020, surveillance footage from security cameras monitoring the parking lot of a commercial building showed defendant

rummaging in a shopping cart and walking to the rear of the building. The video footage then showed defendant departing the area with the shopping cart moments before a fire began at the rear of the building. The interior and exterior of the building were damaged "substantially." Approximately two weeks later, when questioned by an investigator from the Los Angeles City Fire Department, defendant stated that he "lit a fire behind the building" using a "lighter."

In March 2021, the People charged defendant with one count of arson of a structure (Pen. Code, § 451, subd. (c)).[1] In July 2021, the court suspended criminal proceedings and placed defendant on section 1001.36 mental health diversion. Defendant left his assigned residential programs on two occasions—in August 2021 and in June 2022. In July 2022, the trial court terminated defendant's section 1001.36 diversion when no "suitable program" would accept him.

Defendant waived his right to a jury trial. In November 2022, the court found defendant guilty of violating section 451, subdivision (c), sentenced him to the low term of two years in prison, and ordered him to register as an arson offender pursuant to section 457.1.

Defendant filed a timely notice of appeal.

We appointed appellate counsel for defendant. Citing *Wende*, *supra*, 25 Cal.3d 436, counsel filed an opening brief setting out the procedural history of this case and a declaration indicating that counsel "reviewed the entire record," had found no "arguable issues" on appeal and had informed defendant of his right "to file a supplemental brief," and asking this court to

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

independently review the record.  Defendant was also advised by this court of the opportunity to file a supplemental brief; he filed no brief.  We have examined the entire record and are satisfied that counsel has complied with counsel's responsibilities and that no arguable issue exists.  (*People v. Kelly* (2006) 40 Cal.4th 106, 110-111; *Wende*, at p. 441.)

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.

_____

LUI, P. J.,          ASHMANN-GERST, J.,          HOFFSTADT, J.